IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARIE ALEXANDER,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant. | Case No.: 13-00678 JSC<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT IN PART PURSUANT TO THE COURT'S DUTY UNDER 28 U.S.C. § 1915(e)(2)** |

Plaintiff Ann Marie Alexander, proceeding pro se, brings this action against the United States alleging a variety of wrongdoings by the Federal Bureau of Investigation ("FBI") and many other parties over the last 55 years. (*See* Dkt. No. 1.) Now before the Court is Plaintiff's First Amended Complaint ("FAC"), (Dkt. No. 9), which this Court is required to review pursuant to 28 U.S.C. § 1915(e)(2).

Under that section, the Court has a continuing duty to dismiss any case in which a party is proceeding *in forma pauperis* if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).[1]

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a United States magistrate judge (Dkt. No. 4), and Defendant, not yet served, is not a party to this case. *See Third World Media, LLC v. Does 1-1568*, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011).

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

In the FAC's nearly 200 pages, Plaintiff makes numerous allegations of wrongdoing.  Most notably she contends that a tracking device was planted in her throat at her birth in 1957, that rather than miscarrying when she was 19, as she was told by hospital employees, she in fact gave birth to twins who were immediately kidnapped, and that she has been the subject of a life-long, multi-state conspiracy involving harassment, violence, and multiple murders.  (Dkt. No. 9.)

Plaintiff attempts to collect her various causes of action in the FAC's "Conclusion."  (Dkt. No. 9-3 at 20.)  Her first numbered paragraph under this section appears to continue her pursuit of a claim under the Racketeer Influence and Corrupt Organizations ("RICO") Act.  Presumably referencing this Court's previous Order Granting Application to Proceed *in forma pauperis* and dismissing Plaintiff's Complaint in Part ("Prior Order") (Dkt. No. 8), Plaintiff states "I was asked to rewrite this claim showing ongoing criminal behavior, Rico Act."  (Dkt. No. 9-3 at 21.)  Later in her Conclusion, Plaintiff again addresses her RICO claim: "Besides the kidnapping of my 2 children in which I claim across the United States, all FBI agents, in all 50 states had knowledge that someone else was raising my children, my STOLEN children, there are numerous examples of the FBI in co-conspiracy with other levels of government jurisdictional law enforcement office's engaged in criminal activity."  (*Id.* at 31.)

Plaintiff's second numbered paragraph is titled "Freedom of Information Act." (*Id.*)  The Court already addressed Plaintiff's FOIA claim in its Prior Order, concluding that Plaintiff may continue to pursue this cause of action.  (Dkt. No. 8.)  Plaintiff makes only two additions to her FOIA claim in the FAC.  First, she "[a]sks for the Freedom of Information Act file, on everyone that is listed in lengthy legal writings that you will find throughout my Exhibit pages." (Dkt. No. 9-3 at 24.)  Second, Plaintiff includes what appears to be a recent fax, sent on March 31, 2013, making another FOIA request.

Plaintiff's FAC also appears to bring claims for violation of her constitutional rights.  Specifically, she asserts violations of the Fourth, Thirteenth, Fourteenth, and Fifteenth Amendments.  (Dkt. No. 9 at 1.)  She asserts that the tracking device inserted in her throat at birth constituted a warrantless search in violation of the Fourth Amendment or, in the alternative, that if there was a

2

warrant it was unsupported by probable cause. (Dkt. No. 9-3 at 77.) Plaintiff also contends that "[t]his tracking device could be misconstrued as involuntary servitude or perhaps, I am a slave" and that, therefore, her Thirteenth Amendment rights have been infringed. (*Id.* at 28.) Citing the Fourteenth Amendment, Plaintiff alleges that "[a]ll the states across America in co-conspiracy with the FBI took away my freedom, of my LIFE, liberty and PROPERTY! without due process of law." (*Id.* at 29.) Plaintiff also claims a cause of action under the Fifteenth Amendment, alleging "that nefarious games played by people with law enforcement badges in co-conspiracy with the FBI took away my freedom to vote by created happenstances." (*Id.* at 30.)

Finally, Plaintiff makes two additional requests of the Court. First, in connection with her RICO Act claim, Plaintiff seems to tentatively request appointment of counsel. Initially, she suggests that "[i]f the Honorable Court does not think I am capable of speaking for myself, then, I ask that you appoint an attorney advisor to me." (*Id*. at 21.) In the next sentence, however, Plaintiff says "I want to remain 'pro se' because…I will never allow anyone to speak for me again." (*Id.*) Second, in her final sentences, Plaintiff states that she has approximately 2000 pages of "letters, medical records, subpoena's [sic], Faxs [sic] to the President, FBI, CIA, Homeland Security, Division Counsel, Senators and others…[a]nd other valuable evidence," but that she "can not afford to make three copies, 2 for the Court and one for the FBI." (*Id.* at 40.) She describes these collected documents as "Exhibit B," and references them at various points in her FAC. She concludes by asking that "the Honorable Court explain or provide a copy machine for me." (*Id.*)

**DISCUSSION**

A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Essentially, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured

3

by amendment." *Franklin v. Murphy*, 745 F. 2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted).

**A.   FOIA**

FOIA provides that an agency "shall" rule on any request for documents within twenty days. 5 U.S.C. § 552(a)(6)(A)(i).  When an agency fails to respond to a request within twenty days, a requester "shall be deemed to have exhausted his administrative remedies with respect to such request," 5 U.S.C. § 552(a)(6)(C), and may therefore immediately seek judicial review in federal district court.  *See, e.g., Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003) ("A requester is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if . . . the agency fails to answer the request within twenty days.").  This kind of "constructive exhaustion" is "a special provision virtually unique to FOIA." *Spannaus v. U.S Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987).

Plaintiff adequately alleged a cause of action under FOIA in her previously filed complaint. (Dkt. No. 1)  Specifically, the Court concluded that Plaintiff had adequately alleged that she submitted a FOIA request on October 24, 2012 ("October Request") and that the FBI had not responded to her FOIA request.  The Court therefore granted her leave to pursue her FOIA claim against the FBI for her October Request.  (Dkt. No. 8 at 4.)

Plaintiff now makes additional claims in her FOIA cause of action.  First, she "[a]sks for the Freedom of Information Act file, on everyone that is listed in lengthy legal writings that you will find throughout my Exhibit pages."  (Dkt. No. 9-3 at 24.)  Plaintiff however has not made any indication that she had attempted to obtain these files through FOIA's regular procedures and thus Plaintiff's request does not state a cause of action under FOIA.

Second, Plaintiff submits with her FAC additional photocopies suggesting that she has made three subsequent FOIA requests of the FBI.  (Dkt. No. 9-4 at 24-28.)  The second and third requests, Plaintiff indicates, were stolen.  (*Id.* at 24.)  She provides, however, no record of their submission or even the date on which those requests were made.  Plaintiff does submit such evidence, in the form of a Transmission Verification Report, indicating that six pages were faxed to the FBI's San Francisco Field Office's public fax number on March 31, 2013.  (*Id.* at 28.)  Even assuming that the six faxed

4

pages included the fourth FOIA request, twenty days had not run at the time the FAC was filed. Accordingly, only Plaintiff's October Request can provide grounds for a claim under FOIA.

**B.     RICO**

Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). In order to state a valid RICO claim under § 1962(c), a plaintiff must allege "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Jarvis v. Regan*, 833 F.2d 149, 151–52 (9th Cir. 1987). "Racketeering activity" is defined as any "act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical… which is chargeable under State law and punishable by imprisonment for more than one year" or any act "indictable under" any specifically enumerated provision of Title 18 of the United States Code. 18 U.S.C. § 1961(1).

Plaintiff's regular references to the RICO Act throughout the FAC indicate her continued intent to claim a violation thereof. However, apart from vastly increasing the volume of autobiographical facts contained in her complaint, Plaintiff's FAC does nothing to address the concerns expressed by this Court in its order granting Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 8.) Namely, Plaintiff has not explained why her RICO claims are not barred by the statute of limitations, nor has she sufficiently alleged the predicate acts supporting her claim or described a pattern of racketeering activity.

Apart from unsupported allegations regarding the FBI's involvement in Plaintiff's troubles—*e.g.*, "[t]oday, I believe FBI took my items fraudulently and my early writings … the FBI put a needle filled with Heroin into my arm"—there is no indication of a pattern of racketeering activity by the FBI. (Dkt. No. 9 at 38.) Moreover, none of the allegations against the FBI are specifically alleged to have occurred in the last four years in order to avoid the statute of limitations, or to have remained unknown to Plaintiff until the last four years such that equitable tolling might be appropriately

applied. Therefore, as Plaintiff again fails to state a cognizable claim under RICO, the Court DISMISSES Plaintiff's RICO claim without leave to amend.

**C.   Constitutional Claims**

Plaintiff alleges infringement of her constitutional rights pursuant to the Fourth, Thirteenth, Fourteenth, and Fifteenth Amendments. (Dkt. No. 9 at 1.) As described above, Plaintiff's claims under the Fourth and Thirteenth Amendments are based on her contention that the FBI installed a tracking device in her throat when she was born. (Dkt. No. 9-3 at 27-28.) Her additional claims under the Fourteenth and Fifteenth Amendments take as their premise that Plaintiff was subjected to a decades-long "co-conspiracy" by "[a]ll the states across America," the FBI, and "people with law enforcement badges." (*Id.* at 29-30.) The alleged motivation behind this conspiracy is that Plaintiff "ha[s] a very unusual heritage," having descended from "the 'House of David,' as in the Jesus, Mary, Joseph family,…Wagner's daughter (the famous German composer) and Hitler, and other interesting historical characters, like Genghis Khan." (Dkt. No. 9 at 6.)

While the Court is mindful that it must construe a pro se plaintiff's allegations liberally and construe all reasonable inferences in their favor, when determining sufficiency under Section 1915 a court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' [] a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations omitted).

Here, Plaintiff's allegations regarding the implanted tracking device and the ongoing conspiracy can only be described as fanciful, delusional, or wholly incredible. In the absence of any concrete factual allegations or evidence supporting her contentions, it is not credible that the FBI and various state and law enforcement officials around the country have, since the time of Plaintiff's birth, expended incalculable resources in tracking, manipulating, and harassing Plaintiff around the country as a result of her ancestry. *Cf. Manco v. Does*, 2009 WL 2356175 (D. Kan. July 29, 2009) *aff'd* 363

F. App'x 572 (10th Cir. 2010) (dismissing as frivolous plaintiff's claims that various government and prison officials had been spying on him and controlling his actions by way of an implanted device); *Payne v. Contra Costa Sheriff's Dep't*, 2002 WL 1310748 at *1 (N .D. Cal. June 10, 2002) (denying leave to proceed in forma pauperis and dismissing inmate's complaint where he alleged that the sheriff's department was using telepathy and mind control to allow others to have access to his memories). Finding Plaintiff's constitutional claims to be frivolous, the Court DISMISSES those claims without leave to amend.

**D.     Additional Requests**

Plaintiff's FAC also indicates that she requests appointment of counsel and funding from the Court in order to make photocopies of several thousand pages of documents purportedly related to her claims.

District courts are empowered to appoint counsel in civil actions brought *in forma pauperis*. 28 U.S.C. § 1915(e)(1). However, appointment of counsel under this section is discretionary, not mandatory. *United States v. $292,888.04 in U.S. Currency*, 54 F. 3d 564, 569 (9th Cir. 1995). The Ninth Circuit has explained that "[t]he court may appoint counsel under section 1915[e] only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986)). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

Here, only Plaintiff's claim under FOIA regarding her October request is permitted to move forward. As the relevant provisions under FOIA are easily applied by a court and present no particular complexity, the Court concludes that the present circumstances are not "exceptional" and, consequently, declines to appoint counsel.

As to Plaintiff's request that a copy machine be provided, the Court responds that the complete file described as "Exhibit B" does not appear to be necessary for resolution of Plaintiff's FOIA claim.

**CONCLUSION**

For the reasons explained above, Plaintiff's FAC is DISMISSED in part. The only claim that is not dismissed is Plaintiff's FOIA claim based on her October Request. The Clerk of Court shall issue the summons. Further, the U.S. Marshal for the Northern District of California shall serve upon the Defendant, without prepayment of fees, (1) a copy of the complaint, along with any amendments or attachments, (2) this Order, and (3) this Court's previous Order (Dkt. No. 8).

Finally, the Court reschedules the Case Management Conference ("CMC") to August 1, 2013 at 1:30 p.m. in Courtroom F, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California. A joint CMC statement shall be filed by July 25, 2013.

**IT IS SO ORDERED.**

Dated: April 26, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE