IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARIE ALEXANDER,<br><br>  Plaintiff,<br><br>  v.<br><br>THE UNITED STATES,<br><br>  Defendant. | Case No.: 13-00678 JSC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

This action concerns the Federal Bureau of Investigation's failure to respond to Plaintiff's Freedom of Information Act ("FOIA") request within the required 20 days after receiving Plaintiff's request. Pending before the Court are Defendant's Motion to Dismiss[1] and Plaintiff's Motion for Summary Judgment. (Dkt. Nos. 15, 23.) Defendant seeks to dismiss Plaintiff's First Amended Complaint ("FAC") for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies under FOIA. (Dkt. No. 15 at 2.) Having held a hearing on Defendant's Motion to Dismiss on July 18, 2013, and having

---

[1] Plaintiff has also filed a number of documents with the Court. Those documents pertain to many claims that this Court has already found are not actionable in this lawsuit, such as Plaintiff's contention that the FBI inserted a tracking device in her throat.

carefully considered the parties' submissions, the Court DENIES Defendant's Motion to Dismiss and DENIES Plaintiff's Motion for Summary Judgment.

## FACTUAL BACKGROUND

Plaintiff Ann Marie Alexander, proceeding pro se, brings this action against the United States alleging that the FBI has failed to respond to a FOIA request she sent on October 24, 2012 ("October Request"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court reviewed Plaintiff's Complaint and the purported fax transmission Plaintiff attached to her Complaint. The attachment included a "Transmission Verification Report" which showed that eight pages were faxed to what appears to be the FBI's San Francisco Field Office's ("SFFO") public fax number. The attached eight pages included a print-out from the FBI's website of a "Sample FBI FOIA Request Letter," which Plaintiff used to request FBI files "pertaining to [her]" and her son. The Court found that Plaintiff had adequately alleged that she submitted an October Request to which the FBI had failed to respond. (Dkt. No. 8 at 3-4.) The Court therefore granted her leave to pursue her FOIA claim against the FBI for the October Request. *Id.* at 4. The Court dismissed with leave to amend Plaintiff's other claims. Plaintiff subsequently filed a FAC in which she made additional claims supporting her FOIA cause of action, including attaching photocopies suggesting that she had made three subsequent FOIA requests of the FBI. (Dkt. No. 9-3 at 24.) After reviewing the FAC, the Court determined that only Plaintiff's October Request could provide grounds for a claim under FOIA because the FBI was not yet late in responding to her other requests. (Dkt. 10 at 4-5.)

## DISCUSSION

Pursuant to Rule 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 976 (9th Cir. 2012) (internal quotation marks and citation omitted). A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th

Cir. 2000). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In contrast, where the defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may instead make factual determinations. *White*, 227 F.3d at 1242. "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (internal citation omitted). When making such a ruling, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.2003) (citing *White*, 227 F.3d at 1242). The burden of proof on a Rule 12(b)(1) motion is on a party asserting jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

A plaintiff bringing suit under FOIA must exhaust administrative remedies before seeking judicial review. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986). "Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." *Id.* at 466. Exhaustion of administrative remedies ensures that "the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).

FOIA provides that an agency "shall" rule on any request for documents within 20 days. 5 U.S.C. § 552(a)(6)(A)(i) (2011). When an agency fails to respond to a request within twenty days, a requester "shall be deemed to have exhausted his administrative remedies with respect to such request," 5 U.S.C. § 552(a)(6)(C), and may therefore immediately seek judicial review in federal district court. *See, e.g., Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003) ("A requester is considered to have constructively exhausted

administrative remedies and may seek judicial review immediately if . . . the agency fails to answer the request within twenty days."). This kind of "constructive exhaustion" is "a special provision virtually unique to FOIA." *Spannaus v. U.S Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987).

FOIA requires that a request be "made in accordance with the agency's published FOIA rules." *See* 5 U.S.C. § 552(a)(3)(A); *Moayedi v. U.S. Customs and Border Protection*, 510 F. Supp. 2d 73, 81 (D.D.C. 2007) (internal alterations and quotation marks omitted). The Department of Justice's ("DOJ") regulations provide instructions on how to make and where to send FOIA requests. *Brown v. F.B.I.*, 675 F. Supp. 2d 122, 126 (D.D.C. 2009). That regulation provides in pertinent part as follows:

> In most cases, your FOIA request should be sent to [the DOJ] component's central FOIA office. For records held by a field office of the . . . FBI, however, you must write directly to that FBI . . . field office address, which can be found in most telephone books or by calling the [FBI's] central FOIA office.

28 C.F.R. § 16.3 (2012). Here, Plaintiff appears to have sent her request to the FBI's SFFO, as specified by the instructions in the applicable regulation. She has attached to her Complaint the purported fax transmission, including a "Transmission Verification Report," which shows that eight pages were faxed to the SFFO's public fax number. Plaintiff thus complied with "the statutory command that [FOIA] requests be made in accordance with published rules." *See Church of Scientology of California v. I.R.S.,* 792 F.2d 146, 150 (D.C. Cir. 1986).

Defendant argues for dismissal on three bases: 1) Plaintiff failed to submit her FOIA request in accordance with the agency instructions found on the FBI's website and thus did not effectively initiate a FOIA request or exhaust her administrative remedies; 2) Plaintiff failed to provide evidence that the October Request had been received, meaning that Defendant was under no obligation to respond; and 3) Plaintiff failed to indicate either in the FAC or the attachments to the FAC which FBI office she submitted the October Request to, or the mode of submission she used. None of Defendant's arguments is persuasive.

4

### A. FOIA Request Procedures

Defendant first argues that Plaintiff failed to follow the instructions contained on the FBI's FOIA website, which includes a sample FOIA request letter advising requesters to submit FOIA requests to the FBI by (a) mailing the request to the specified address in Winchester, Virginia; (b) faxing the request to (540) 848-4390 or (540) 868-4997; (c) or emailing the request to foiprequest@ic.fbi.gov. (Dkt. No. 15 at 3-4.) Defendant is correct that it does not appear that Plaintiff followed any of these three options for submitting her FOIA request. Defendant is also correct that these procedures were listed on the print-out of a "Sample FBI FOIA Request Letter" from the FBI's website that Plaintiff attached as an exhibit to her Complaint, suggesting that Plaintiff was at least constructively aware of the suggested modes of submission Defendant cites. (Dkt. No. 15 at 4, 6.) However, these facts do not negate the explicit instructions provided in the DOJ's own published FOIA regulations stating that individuals seeking records from a particular FBI field office must submit requests to that office directly, and that Plaintiff properly complied with these procedures by directing her request via fax to the SFFO.

Defendant contends that the Court should disregard the DOJ regulations because the agency's rules regarding FOIA submissions have changed since a 2009 directive issued by Attorney General Eric Holder, which effectively superseded the existing regulations requiring requests to be directed to the appropriate field office. Defendant claims that "as of March 2009, FOIA requests to the FBI should be submitted directly to the FBI's central FOIA processing office," an instruction that is reflected on the FBI's FOIA webpage. (Dkt. No. 15-1 at 3.) The problem with this argument, however, is that the 2009 directive is not a published rule. If the FBI believes its requirements for submitting FOIA requests have indeed substantively changed, then the published regulations should be properly amended to reflect the modified requirements. Defendant cannot prevail on the argument that Plaintiff did not follow proper procedures when Plaintiff clearly complied with the agency's own published rules regarding how FOIA submissions are to be made. Finding otherwise by setting aside the regulations that remain on the books would undermine the requirement that each federal

agency publish in the Federal Register the procedures requesters must follow to access records. *See* 5 U.S.C. § 552(a)(3)(B); *Smith v. Reno*, 1996 WL 224994, at *2 (N.D. Cal. Apr. 23, 1996) ("Each federal agency is required to publish in the Federal Register the procedures to be followed in permitting access to its records under FOIA."). Further, per the DOJ's own Freedom of Information Act Guide, "all agencies should remember that any unnecessary bureaucratic hurdle has no place in [the Act's] implementation. Accordingly, an agency may not impose any additional requirements on a requester beyond those prescribed in its regulations. Of course, agencies should adhere strictly to their own regulations, especially when doing so would benefit the FOIA requester." DOJ, Freedom of Information Act Guide (2004) (internal quotation marks omitted).

Moreover, the agency's own declarant states that "standard operating procedure" requires field offices receiving FOIA requests to forward them to the FBI's Record/Information Dissemination Section ("RIDS") for processing. (*See* Dkt. No. 15-1 at 4 n.3.) Thus, by Defendant's own unpublished rules, the fax that was apparently sent to the SFFO should have been subsequently forwarded to RIDS for processing as if it had been received by the processing office in the first place. *See id.* Indeed, the decision to streamline FOIA requests to the central office was instituted by the same Attorney General directive from March 2009 Defendant presumably references, and appears intended to *benefit* the requester. *See Bernegger v. FBI Field Office of Jackson, Miss.*, 2013 WL 959838, at *4 (S.D. Miss. Feb. 21, 2013) ("[R]equests for records sent to any FBI office [now] resul[t] in a search for all FBI records, wherever they may be located." (internal quotations omitted)). In *Bernegger*, the plaintiff's FOIA request "was received by the FBI Field Office in Jackson, Mississippi, and in accordance with Department of Justice Guidelines, it was forwarded to FBI Headquarters in Washington, D.C." *Id.* at *2. Plaintiff subsequently sued the FBI Field Office in Jackson, Mississippi, arguing that it had failed to timely respond to his request, although FBI headquarters had already timely responded to the forwarded request. *Id.* at *4. The court was not persuaded, and agreed with the defendant that the Attorney General's 2009 directive requires only FBI headquarters to respond to a request sent to a field office. *See id.* at 6. As

*Bernegger* and Defendant's declarant demonstrate, the proper protocol per the 2009 Attorney General directive required the SFFO to have forwarded Plaintiff's October Request to FBI headquarters, from which she should have received a response within twenty days. *See id.* at 4. Nothing available to this Court suggests that the 2009 directive was meant to alter the requirements for exhaustion of administrative remedies, and, even if it was intended to do so, that it could so as a legal matter.

## B. Defendant's Receipt of Plaintiff's October 24, 2012 Fax

Defendant next claims that the agency was under no obligation to respond to Plaintiff's request because the request was never received. This argument is similarly unavailing. The declaration Defendant provides in support of the Motion to Dismiss suggests that the agency received Plaintiff's faxed FOIA request. (*See* Dkt. No. 15-1 at 5.) Specifically, the FBI's Assistant Section Chief states in his declaration that the "field office checked its fax logs for 2012, and located an entry on October 24, 2012, that appears to correspond to plaintiff." *Id.* That the FBI's fax log apparently confirms receipt of a fax from Plaintiff on the date at issue readily distinguishes the instant action from the cases Defendant draws on for support, as those cases determined that an agency response was not required because there was nothing in the record to indicate that the agency actually received the FOIA request. *See, e.g., Hutchins v. DOJ*, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005) ("Without any showing that the agency received the request, the agency has no obligation to respond to it."); *Carbe v. BATF*, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004) ("If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond.").

In *Booth v. IRS*, for example, the court held that the plaintiff had failed to properly exhaust his administrative remedies by sending his FOIA request to an incorrect location. *See* 2009 WL 2031766, at *3-4 (E.D. Cal. July 9, 2009). The applicable IRS regulation required that FOIA requests be sent to the office of the IRS official responsible for the control of the records sought. *Id.* at 3. The plaintiff, on the other hand, had sent his request to an office address from which the IRS had recently moved; the building was vacant. *Id.* at 1. The absence of a valid FOIA request therefore failed to trigger the agency's obligation to provide a

timely response to the request. *Id.* at 3. Here, however, Plaintiff sent her FOIA request to the correct office location in accordance with the regulations promulgated by the DOJ, and the FBI's own records tentatively indicate receipt of Plaintiff's fax. (*See* Dkt. No. 15-1 at 5.)

Defendant posits that since it did not record receipt of a FOIA request on October 24, 2012, the entry on its fax log must correspond to receipt of some other document from Plaintiff, a document which was apparently also not recorded.[2] To corroborate this position, Defendant insists that the FBI has conducted an extensive search, specifically highlighting how the agency has gone through its Central Records System ("CRS") and has come up empty in trying to locate Plaintiff's October request. (*See* Dkt. No. 15 at 4.) However, Defendant also acknowledges that the CRS does not include an "index [of] every name or document in its files; rather it indexes only that information considered to be pertinent, relevant, or essential for future retrieval." (*See* Dkt. No. 15 at 5.) Given this limitation, that the FBI was not able to locate Plaintiff's request using the CRS is not conclusive in demonstrating that the agency did not receive the alleged FOIA request; instead, it could merely indicate that the documents Plaintiff sent via facsimile were not deemed "pertinent, relevant, or essential for future retrieval" and therefore never indexed. Further, if Defendant's issue is that it received but cannot locate Plaintiff's request, the request is attached to Plaintiff's original complaint and has been available to Defendant on ECF since this action began.

## C. Plaintiff's Exhibits

Finally, Defendant's claim that Plaintiff failed to provide sufficient identifying information regarding the October Request does not withstand close scrutiny. Defendant repeatedly claims that "Plaintiff attached to the FAC a document that appears to be a FOIA

---

[2] While Plaintiff's October 24th fax transmission includes issues outside of her FOIA request, and is addressed to, among others, Bill and Hillary Clinton, its cover page identifies the transmission as containing a FOIA request and the transmission appears to include on the fifth page her filled-out "FBI FOIA Request Letter," requesting FBI files "pertaining to [her]" and her son. As such, this Court concludes that the Plaintiff's fax transmission, coupled with the SFFO's fax log entry on the day Plaintiff alleges she sent her FOIA request, are sufficient to withstand a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

request dated October 24, 2012," but that "[n]either [P]laintiff's FAC, nor the attachments to the FAC, indicate to which FBI office [P]laintiff allegedly submitted the October Request, or the method of submission." (*See* Dkt. No. 15-1 at 3.) If Defendant is arguing that Plaintiff's original complaint does not adequately allege that she even sent a FOIA request to any office, the argument fails because Plaintiff attached exhibits to her original complaint indicating that a request was made via fax to the SFFO. This Court already found that the exhibits attached to the original complaint were adequate to show that a request was made, noting in its March 2013 order that Plaintiff attached to her original Complaint a "Transmission Verification Report" demonstrating that eight pages were faxed to what appears to be the SFFO's public fax number. (*See* Dkt. No. 1 at 1 at 17-24; Dkt. No. 8 at 4.)[3]

### D. Plaintiff's Motion for Summary Judgment

The multiple claims Plaintiff makes in her Motion for Summary Judgment appear to be either related to issues which this Court has already reviewed and dismissed with prejudice, for example, claims relating to the Racketeer Influence and Corrupt Organizations Act, or related to issues beyond the narrow scope of the October 24, 2012 FOIA request which this

---

[3] If Defendant is instead making the argument that Plaintiff did not attach to her *amended* complaint the exhibits contained in her original complaint, Defendant's argument still fails.[3] While some courts have held that "under Rule 10(c) the exhibits attached to the original complaint should be considered as adopted by reference in the pleadings" even if they were not attached to the amended pleading, *see Tropicana Products, Inc. v. United States*, 3 C.I.T. 240 (1982), and others have noted that because the amended complaint supersedes the original, the exhibits must be refiled, *see Dahn v. Fifth Third Bank*, 2009 WL 2588875, at *4 n.1 (S.D. Ill. Aug. 20, 2009), in both instances the courts excused the purported oversight and took note of the exhibits in question. Further, given that the instant case involves a pro se plaintiff, the end result of Defendant's argument, even if meritorious, is without practical effect. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting "Supreme Court precedent that instructs federal courts to liberally construe the "inartful pleading" of pro se litigants"); *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir.1986) (holding that pro se litigants should be treated with great leniency when evaluating compliance with the technical rules of civil procedure). At most, the Court would require Plaintiff to file an amended complaint that includes the original exhibits as attachments, an unnecessary procedural hoop that would waste resources and delay resolution of this action.

Court has allowed Plaintiff to pursue as a cause of action. Accordingly, Plaintiff's Motion for Summary Judgment is DENIED and the hearing scheduled for August 8, 2013 is VACATED.

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff has exhausted her administrative remedies. Thus, the Court has proper subject matter jurisdiction and Defendants' Motion to Dismiss is DENIED. Additionally, for the reason explained above, Plaintiff's Motion for Summary Judgment is also DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE