United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANN MARIE ALEXANDER,

        Plaintiff,

    v.

THE UNITED STATES,

        Defendant.

Case No.: 13-0678 JSC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; DISMISSING CASE**

Plaintiff Ann Marie Alexander, proceeding pro se, brings this action against the United States arising from an October 2012 Freedom of Information Act ("FOIA") request.  At the beginning of this suit, the Court dismissed Plaintiff's claims under the Racketeer Influence and Corrupt Organizations ("RICO") Act and the constitution.  (Dkt. Nos. 8, 10.)  The second dismissal of these claims was with prejudice.  (*See* Dkt. No. 10 at 6-7.)  Plaintiff's FOIA claim was the only claim allowed to proceed.  (*See* Dkt. No. 8.)  Now pending before the Court are Plaintiff's motion for leave to amend and motion for reconsideration.  (Dkt. Nos. 69, 73.)  For the reasons stated below, the motions are DENIED.  Further, because Plaintiff has informed the Court that she no longer wishes to pursue her FOIA claim, the Court dismisses the action.

Although not entirely clear, Plaintiff seeks leave to amend her complaint to include allegations regarding a wrist injury she suffered following a "zap" from a Federal Bureau of Investigation

United States District Court
Northern District of California

("FBI") drone. (Dkt. Nos. 69 at 3-4, 70 at 6-7.) Plaintiff asserts that she is not seeking to pursue a RICO Act claim in this action. (Dkt. No. 70 at 6.) "Although five factors generally are considered when assessing the propriety of a motion to amend, futility of amendment alone can justify the denial of a motion." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) (footnote omitted).[1] The Court denies Plaintiff's motion because the proposed amendment is futile. The Court has twice already dismissed Plaintiff's similar allegations regarding the FBI's alleged harassment, finding her claims frivolous. (*See* Dkt. No 10. at 6 ("[I]t is not credible that the FBI and various state and law enforcement officials around the country have, since the time of Plaintiff's birth, expended incalculable resources in tracking, manipulating, and harassing Plaintiff around the country as a result of her ancestry.").) Plaintiff's proposed amendments—which, including attached documents, total almost 1,000 pages—are more of the same. Plaintiff's proposed amendment is futile for the same reason her earlier allegations were frivolous.

Relatedly, Plaintiff moves for reconsideration "of ruling RICO Act 'without prejudice.'" (Dkt. No. 73 at 1.) It appears that while Plaintiff has no interest in pursuing a RICO Act in this case, she would like the option to pursue that claim in the future, perhaps in a different action. (*See id.* at 6.) "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff's motion is presumably based on the assertion that the Court committed legal error in dismissing Plaintiff's RICO claim with prejudice. The Court's decision was not legal error. After a written order informing Plaintiff of the deficiencies in her initial complaint, Plaintiff's amended complaint was unresponsive to the Court's Order, again failing to state a claim under RICO since the predicate acts supporting the claim all occurred outside the statute of limitations and because Plaintiff failed to adequately allege a pattern of racketeering activity. (See Dkt. No. 10 at 5-6.) "It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir. 1983).

---

[1] The five factors are bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Id.*

1   Any amendment was very likely to be futile considering Plaintiff's insistence on basing her claims on

2   factually unsupported, wholly incredible government conspiracies.  While the Court does not doubt

3   the sincerity of Plaintiff's belief in the facts she alleges, her allegations do not meet the pleading

4   standards of the Federal Rules of Civil Procedure.  Plaintiff's motion for reconsideration is

5   accordingly DENIED.

6        Plaintiff confirmed at the recent Case Management Conference that she no longer wishes to

7   pursue her FOIA claim, the only viable claim that exists in this lawsuit.  The Court accordingly

8   DISMISSES the FOIA claim without prejudice, and the Clerk is ordered to close this case.

9        **IT IS SO ORDERED.**

10

11  Dated:   January 6, 2104

12                                              _____

13                                              JACQUELINE SCOTT CORLEY
                                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California